UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD W. HARDY, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-07-2227 |
| DAVID EBBERT, | : | (Judge Kosik) |
| Respondent | : | |

**MEMORANDUM**

## I. Introduction

Howard W. Hardy, an inmate currently confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In the petition, Hardy challenges the calculation of his federal sentence by the Bureau of Prisons ("BOP"), seeking the restoration of 1,170 days of forfeited statutory good time ("SGT") sentence credit. The petition is ripe for consideration and, for the reasons that follow, will be denied.

---

[1] The standing petition in this matter consists of Documents 1 and 5. Document 1 is the original petition filed. On December 14, 2007, Petitioner filed a "Motion to Amend" (Doc. 5) which was subsequently construed by the court to be a supplement to the original petition. (Doc. 6.)

## II. Background

On September 18, 1984, Petitioner was sentenced in the District of Columbia Superior Court to a 37 year term of imprisonment for the offenses of rape while armed and attempted rape.[2] On February 3, 1994, while serving this sentence, he committed the federal offense of prisoner in possession of heroin. (Doc. 13, Ex. A, ¶ 6.) He was sentenced to a 33 month term of imprisonment for this offense on August 18, 1995, by the United States District Court for the Eastern District of Virginia. The sentence was to run consecutive to his District of Columbia sentence. As a result, the 33 month Sentencing Reform Act "new law" term of confinement is scheduled to commence on September 5, 2010, the date Petitioner's 37 year sentence will be satisfied. Petitioner's current projected release date, via good conduct time release is January 26, 2013.

In the petition for writ of habeas corpus, Petitioner contends that he is entitled to the restoration of 1,170 days of forfeited statutory good time days - days previously forfeited due to twenty-one (21) incident reports he received in the year 2004. He claims that since 2004, he has gone eighteen (18) months without acquiring a disciplinary infraction, therefore entitling him to the restoration of 1,170 days of

---

[2] Because the District of Columbia offense was committed before April 11, 1987, his sentence is considered a District of Columbia "old law" sentence. See BOP Program Statement 5880.30, Sentence Computation Manual ("Old Law"- Pre-CCCA-1984).

forfeited statutory good time sentence credit by the BOP. He also argues that the BOP has failed to explain why the forfeited SGT has not been restored, and contends that the BOP has no right to restore "portions" of forfeited SGT. (Doc. 1, Pet. at 4.)

**III. Discussion**

Respondent concedes that Petitioner has fully exhausted his sentence calculation claim through the proper BOP administrative channels. He maintains that Petitioner's sentence has been computed properly in accordance with BOP policy and federal statutes, and that Petitioner has received all credit toward his sentence to which he is entitled. In support of his position, Respondent submits the declaration of Cheryl A. Pauley, a BOP Correspondence/Policy Specialist at the Designation and Sentence Computation Center in Texas, who is responsible for computing and auditing the sentences of federal inmates. (Doc. 13, Ex. A at ¶¶ 1, 2.) In her declaration, Pauley certifies the following with regard to the calculation of Petitioner's sentence.

Petitioner's sentence computation was prepared based upon his 37 year term of confinement commencing on September 18, 1984. Jail credit was applied in the amount of 465 days for the time he spent in presentence custody from April 13, 1983 to April 29, 1983, June 8, 1983 to November 7, 1983, and November 28, 1983 to September 17, 1984. In addition, Petitioner was eligible to receive a total of 4,440 days of Statutory Good Time on the 37 year term - ten (10) days for each month of the

sentence. (Doc. 13, Attach. 1.)

However, from April 26, 2004 through May 24, 2004, Petitioner committed numerous violations of institution rules and regulations resulting in a forfeit of 1,200 of the SGT days. (Id., Attach. 3, Inmate Discipline Data; Attach. 4, Sentence Monitoring Good time Data.) On August 28, 2006, 30 days of forfeited SGT was approved for restoration by the Warden at USP-Atwater, where Petitioner was housed at that time. (Id., Attachs. 4, 5.)

Prior to Pauley's review of Petitioner's sentence computation, the only restoration of SGT was the above-referenced 30 days. As a result, Petitioner's sentence computation reflected a total of 1,170 days of forfeited SGT. However, on September 26, 2007, a restoration of 50 forfeited SGT days was approved by the Warden at FCI-Allenwood, where Petitioner was then housed. In addition, on November 9, 2007, another restoration of forfeited SGT was approved by the Warden at FCI-Allenwood in the amount of 300 days. (Id., Attachs. 4, 5.)

On December 5 and 6, 2007, Petitioner committed additional violations of institution rules and regulations which resulted in the forfeit of 210 days of SGT. As such, Petitioner currently has a net total of 1,030 days of forfeited SGT. (Id., Attachs. 3, 4.) Pauley states that also reflected in Petitioner's sentence computation is a credit of 155 days of earned extra good time (EGT). (Id., Attach. 4.)

Based upon the updated computation, Petitioner is currently scheduled to

satisfy his 37 year term of imprisonment, via mandatory release, on September 5, 2010. This projected date is based on his 37 year term commencing on September 18, 1984, with the application of 465 days of jail credit, 3,410 days of SGT[3], and 155 days of EGT. On September 5, 2010, Petitioner will then begin service of the 33 month term, with a projected release date, following application of good conduct time, of January 26, 2013. (Id., Attachs. 1, 4.)

Petitioner contends that his sentence has been improperly computed and that the entire number of forfeited SGT days should be restored. It is his position that even though he did commit numerous disciplinary infractions, he thereafter went a period of 18 months without a disciplinary incident, and is thus entitled to restoration of all previously forfeited SGT. Petitioner is mistaken.

As stated earlier, Petitioner is a District of Columbia offender. For DC offenses committed prior to April 11, 1987, DC offenders were awarded good time credit pursuant to 18 U.S.C. § 3568, which provides as follows: "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." See 18 U.S.C. § 3568; BOP Program Statement 5880.32, District of

---

[3] This figure is arrived at by starting with the eligible 4,440 days of SGT for the 37 year sentence, and then subtracting the net total of 1,030 forfeited SGT days. Although 1410 days of SGT was ultimately lost, 380 of the forfeited days were restored.

Columbia Sentence Computation Manual, Ch. 8, p. 1. This credit is statutory good time ("SGT"). It is earned on the basis of good conduct and awarded pursuant to 18 U.S.C. § 4161. Petitioner's sentence is 10 years or more, so he is awarded 10 days of SGT for each month. See 18 U.S.C. § 4161(repealed); BOP Program Statement 5880.30, Sentence Computation Manual ("Old Law"), Chapter IV, p. 1; BOP Program Statement 5880.32, District of Columbia Sentence Computation Manual, Chapter 10, p. 2).

Under 18 §§ 4161, 4165-4166, prison authorities are granted the discretion to both forfeit earned good time for violation by a prisoner if he commits any offense or violates any of the rules of the institution, as well as discretion to restore forfeited good time. With regard to the restoration of forfeited good time, 18 U.S.C. § 4166 provides that "[t]he Attorney General may restore any forfeited or lost good time or such portion thereof as he deems proper upon recommendation of the Director of the Bureau of Prisons." See generally Coates v. Hogsten, Civ. No. 07-424, 2007 WL 3125125, at *8 (M.D. Pa. Oct. 24, 2007); Rusher v. Arnold, 550 F.2d 896, 898099 (3d Cir. 1977); United States v. Parker, 268 F.Supp. 785, 787 (M.D. Pa. 1967). This authority has been delegated to the Wardens and the forfeited good time is to be considered for restoration consistent with the provisions of BOP Program Statement 5270.07, Inmate Discipline and Special Housing Units. See 18 U.S.C. §§ 4165 and 4166; BOP Program Statement 5880.32, Ch. 11, p. 5; BOP Program Statement

5880.30, Ch IV, p. 4.

In the instant case, Petitioner admits that he had numerous disciplinary infractions between the time period of April 26, 2004 and December 6, 2007.  These infractions resulted in the forfeiture of a total of 1,410 days of SGT.  Of these 1,410 days, he was restored 380 SGT days.  There is no basis for his assertion that he is entitled to the restoration of all forfeited SGT.  SGT may be restored and, even if a decision is made to restore time, it is only such time, or such portion thereof as is deemed proper by the warden at the appropriate institution.  See 18 U.S.C. § 4166.  The updated sentence as calculated by the BOP and set forth by Cheryl A. Pauley in the declaration attached to response is correct in accordance with BOP policy and the applicable federal statutes.  Accordingly, the petition will be denied.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD W. HARDY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-07-2227 |
| | : | |
| DAVID EBBERT, | : | (Judge Kosik) |
| | : | |
| Respondent | : | |

**O R D E R**

**NOW, THIS 5th DAY OF FEBRUARY, 2008,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

***s/EDWIN M. KOSIK***
United States District Judge